United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Elvince Mertil, Plaintiff, <br><br> v. <br><br> Alejandro Mayorkas, as Secretary of the Department of Homeland Security, Defendant. | Civil Action No. 21-20493-Civ-Scola |

### Order Granting Motion to Dismiss

Plaintiff Elvince Mertil has sued Defendant Alejandro Mayorkas, as Secretary of the Department of Homeland Security, complaining that the Transportation Security Administration wrongfully terminated him "based on spurious allegations and conclusions" involving illegal drug use. (Compl., ECF No. 1.) The sole count in Mertil's complaint is lodged under the header, "Rehabilitation Act (Disparate Treatment)." (*Id.*) The Government has filed a motion to dismiss, contending Mertil has failed to state a claim under Rule 12(b)(6).[1] (Def.'s Mot., ECF No. 18.) After an order to show cause (ECF No. 20), Mertil responded to the motion, arguing the Government's position is without merit. (Pl.'s Resp., ECF No. 21). The Government has timely replied. (Def.'s Reply, ECF No. 23.) Because the Court agrees with the Government that Mertil has failed to state a claim, it **grants** the motion to dismiss (**ECF No. 18**).

### 1. Background[2]

Mertil was employed by the TSA as a "Lead Transportation Security Officer" at the Miami International Airport from 2016 through July 8, 2020. (Compl. ¶¶ 9, 15.) On February 26, 2020, the TSA issued a "Notice of Proposed Removal," informing Mertil he would be removed from his officer position for two reasons: (1) admitting to prior drug use, during a December 2019 polygraph exam; and (2) supplying conflicting information to TSA investigators regarding his prior drug use. (*Id.* ¶ 10; Compl. Ex. A-2, ECF No. 1, 12.) The TSA ultimately rescinded that notice but, then, two months later, issued a

---

[1] Although the Government also maintains dismissal is warranted under Rule 12(b)(1), for a lack of subject-matter jurisdiction, the Court finds the issues raised are more appropriately framed as a failure to state a claim under Rule 12(b)(6).

[2] This background is based on the allegations the Plaintiff presents in his complaint. For the purposes of evaluating the Government's motion, the Court accepts the Plaintiff's factual allegations as true and construes the allegations in the light most favorable to him per Federal Rule of Civil Procedure 12(b)(6).

superseding notice of removal in April. (Compl. ¶¶ 12–13; Compl. Ex. A-4, ECF No. 1, 27; Compl. Ex. A-5, ECF No. 1, 29–30.) The superseding notice maintained the first reason supporting removal, as presented in the initial notice, but changed the second reason to a lack of candor, for failing to disclose the prior illegal drug use in a 2019 questionnaire. (Compl. ¶ 14; Compl. Ex. A-6, ECF No. 1, 31.) The TSA placed Mertil on administrative leave as of April 30, 2020 (Ex. A-5 at 29), ultimately removing him from his position on May 15, 2020. (Compl. ¶ 15; Compl. Ex. A-1/A-7, ECF No. 1, 5.)

Thereafter, Mertil appealed his termination to the Professional Responsibility Appellate Board (the "Board"), an internal TSA body, which reviews whether management has provided sufficient evidence of the charged misconduct and whether the penalty meted out for the conduct is reasonable. (Compl. Ex. A-1 at 5.) On July 8, 2020, the Board concluded that TSA management had provided Mertil with sufficient evidence of the charges against him and that the penalty of removal from service was appropriate. (*Id.* at 5–10.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 3. Discussion

The Government maintains that the protections afforded workers under the Rehabilitation Act are expressly preempted for TSA employees holding Mertil's position by a provision within the Aviation and Transportation Security Act of 2001 (the "ATSA"). (Def.'s Mot. at 5–8.) Mertil responds that the statutory terms are ambiguous and he need not, at the 12(b)(6)-stage of litigation, clarify whether his position falls under the preemption or not. (Pl.'s Resp. at 4.) After review, the Court agrees with the Government that Mertil's claims are preempted.

Under Eleventh Circuit precedent, the ATSA precludes TSA screeners from bringing an action under the Rehabilitation Act. *See Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) (holding that the ATSA language directing TSA to establish hiring criteria "*notwithstanding any other provision of law*" "indicat[es] that the statute . . . is intended to take precedence over any preexisting or subsequently-enacted legislation on the same subject") (emphasis added) (cleaned up). Indeed, "every circuit court to have considered the question has concluded that the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners." *White v. Napolitano*, CV-10-S-2720-NE, 2011 WL 13175777, at *3 (N.D. Ala. June 8, 2011) (cleaned up) (quoting *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011)).) Mertil does not appear to disagree with this fundamental premise, but, instead, focuses his dispute on whether a "Lead Transportation Security Officer," like Mertil, qualifies as a "screener" under the ATSA.

The Court finds no support for Mertil's position that a Lead Transportation Security Officer is not a screener. Indeed, even Mertil himself seems to concede the point, in his response, when he defines the term, "Lead Transportation Security Officer" as "LTSO" or "screener." (Pl.'s Resp. at 2.) Several federal courts have also concluded that Lead Transportation Security Officers, or similar positions, equate to being a screener for purposes of the ATSA. *See, e.g., Campbell v. Mayorkas*, 3:20-CV-697-MOC-DSC, 2021 WL 2210895, at *4 (W.D.N.C. June 1, 2021) (finding a former LTSO's claims "fall under the ambit of the Rehabilitation Act and are preempted by the ATSA"); *Simmons v. Napolitano*, CIV.A. 3:11-0801, 2012 WL 1231969, at *4 (S.D.W. Va. Apr. 12, 2012) (holding Supervisory Transportation Security Officer's disability-discrimination claims preempted by the ATSA); *Whitby v. Chertoff*, CIV A 508-CV-242-HL, 2009 WL 1733268, at *1 (M.D. Ga. June 16, 2009) (holding Transportation Security Supervisor's disability-discrimination claims

preempted by the ATSA). Further, other cases similarly indicate, without analysis or dispute, that the position of Lead Transportation Security Officer is simply, and unremarkably, a type of TSA screener. *See, e.g., Wade v. Napolitano*, 3-07-0892, 2009 WL 9071049, at *1 (M.D. Tenn. Mar. 24, 2009) ("TSA employs three types of screeners: transportation security officers ('TSO's'), lead transportation security officers ('LTSO's'), and supervisory transportation security officers ('STSO's').").

In the face of these cases, Mertil fails to plead facts in his complaint, or present persuasive argument in his response, that would allow the Court to conclude that his claims fall under the Rehabilitation Act, as opposed to the ATSA.

Furthermore, even if Mertil's claims under the Rehabilitation Act were not preempted, he has failed to counter the Government's alternative arguments that (1) Mertil has otherwise failed to state a claim under the Rehabilitation Act and (2) Mertil failed to exhaust his administrative remedies under the Rehabilitation Act.[3] The Court has reviewed the Government's presentation in both regards and finds its positions well taken.

First, "[t]o establish a prima facie case of discrimination under the [Rehabilitation] Act, an individual must show that (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999). Mertil does not alleged facts that would establish a single one of these elements.

Second, a federal employee who believes he has been discriminated against "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). These administrative steps are required in advance of filing a lawsuit in federal court under the Rehabilitation Act. *See Fleck v. Sec'y of U.S. Dep't of Transp.*, 826 Fed. Appx. 782, 784 (11th Cir. 2020) ("A federal employee has a duty to exhaust his procedural remedies concerning any allegedly discriminatory act before challenging the act in federal court by raising his claims through an internal complaint process with the employing agency."). Once again, Mertil fails to allege facts that would establish he exhausted his administrative remedies. Without more, Mertil's bald assertion that he has "met . . . the exhaustion of all pertinent administrative procedures and remedies" amounts

---

[3] Mertil also mentions Title VII of the Civil Rights Act of 1964, in passing, in his complaint, but never actually alleges a cause of action in that regard.

to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Finally, because Mertil did not address either of these arguments in his opposition to the Government's motion to dismiss, he has conceded the points. *See, e.g.*, *Brady v. Medtronic, Inc.*, 13-CV-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (Scola, J.) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.") (cleaned up).

### 4. Conclusion

For the foregoing reasons, the Court **grants** the Government's motion (**ECF No. 18**), **dismissing** Mertil's complaint **with prejudice** because he has failed to state a claim under Rule 12(b)(6).

The Clerk is directed to **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on September 14, 2021.

Robert N. Scola, Jr.
United States District Judge